# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

WALTER J. ROACHE,

        Petitioner

v.                                                        CASE NUMBER: **9:16-cv-1069(TJM/TWD)**

ANN MARIE SULLIVAN, et al.,

        Respondents.

## Order Directing Administrative Closure
## With Opportunity to Comply With Filing Fee Requirements

Petitioner's petition for a writ of habeas corpus was received for filing in the Northern District of New York on September 1, 2016. A habeas corpus action is commenced in federal district court by filing a petition. The statutory filing fee ($5.00) must also be paid at the time the petition is filed, unless the petitioner seeks in forma pauperis status. 28 U.S.C. § 1915; N.D.N.Y. Local Rule 5.4(a); Rule 3, Rules Governing Section 2254 Cases in the United States District Courts.[1] The Local Rules of Practice for the Northern District of New York require all persons seeking in forma pauperis status to submit a completed and signed In Forma Pauperis Application ("IFP Application"). *See* 28 U.S.C. § 1915(a)(1); N.D.N.Y. Local Rule 5.4(a).

Petitioner has not submitted an IFP Application and has not paid the filing fee. The court therefore finds that this action has not been properly commenced.

---

[1] The habeas rules also govern petitions filed pursuant to 28 U.S.C. § 2241. Rule 1(b), Rules Governing Section 2254 Cases in the United States District Courts.

**WHEREFORE**, it is hereby

**ORDERED** that because this action was not properly commenced, the Clerk is directed to administratively close this action;[2] and it is further

**ORDERED** that if petitioner wants to pursue this action, he must so notify the Court **WITHIN THIRTY (30) DAYS** of the filing date of this Order and **either**: (1) pay the court's filing fee of five dollars ($5.00); or (2) submit a completed and signed IFP Application; and it is further

**ORDERED** that upon petitioner's compliance with this order, the Clerk shall reopen this action and forward it to the Court for review; and it is further

**ORDERED** that the Clerk serve a copy of this Order on petitioner along with a blank IFP Application.

**IT IS SO ORDERED**.

Dated: September 6, 2016

Thomas J. McAvoy
Senior, U.S. District Judge

---

[2] Petitioner is advised that administrative closure is not a dismissal for purposes of the statute of limitations, and that if this case is reopened as set forth in this order, the timeliness of his petition will be determined with reference to the original filing date. *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (notice of appeal was deemed filed at the time petitioner delivered it to the prison authorities for forwarding to the court clerk); *McDowell v. Delaware State Police*, 88 F.3d 188, 191 (3d Cir. 1996) (deeming complaint to have been constructively filed upon receipt even though the filing fee requirements had not yet been complied with); *c.f. Jordan v. United States*, 694 F.2d 833, 837 (D.C. Cir. 1982) (noting that when a Rule 60(b) motion is granted, "the complaint should be reinstated as of the date it was originally filed."); *Akobardiya v. Princess Cruise Lines, Ltd.,* No. 11-CV-2921, 2012 WL 3746218, at *2 (E.D.N.Y. Aug. 27, 2012) (Rule 60(b) motion granted and case reopened where statute of limitations had since expired and claims would be untimely if action was refiled); *see also Dory v. Ryan*, 999 F.2d 679, 682 (2d Cir.1993) (under the prison-mailbox rule, the court deems a pro se prisoner's complaint filed on the date that the prisoner delivered the complaint to prison officials for transmittal to the court).