UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

WALTER J. ROACHE,

                Petitioner,                              Lead Case
     v.                                                9:16-CV-1069 (TJM/TWD)

SULLIVAN, et. al.,

                Respondents.
_____

WALTER J. ROACHE,

                Petitioner,

                                                          Member Case
     v.                                                9:17-CV-0574 (TJM/TWD)

STATE OF NEW YORK, et. al.,

                Respondents.
_____

APPEARANCES:                                        OF COUNSEL:

WALTER J. ROACHE
Petitioner, pro se
CNY PC
P.O. Box 300
Marcy, NY 13403

HON. ERIC T. SCHNEIDERMAN            LISA E. FLEISCHMANN, AAG
Attorney for Respondents
Office of the Attorney General
120 Broadway
New York, New York 10271

THOMAS J. MCAVOY
Senior United States District Judge

## DECISION and ORDER

     Presently before the Court is petitioner Walter Roache's motion for reconsideration of

the Court's May 26, 2017, Decision and Order consolidating the petitions filed in *Roache v.*

*Sullivan, et. al.*, 9:16-CV-1069 (TJM/TWD) ("*Roache I*"), and *Roache v. State of New York, et. al.*, No. 9:17-CV-0574 ("*Roache II*"), Dkt. No. 1. Dkt. No. 34, Motion.

The standard for reconsideration is strict, and a motion for reconsideration will be denied unless the moving party can point to controlling decisions or facts that the court "overlooked" and that might "reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp. Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Reconsideration is warranted only where controlling law has changed, new evidence is available, clear error must be corrected, or manifest injustice prevented. *Long v. U.S. Dep't of Justice*, 778 F. Supp. 2d 222, 228-29 (N.D.N.Y. 2011) (citing *Doe v. New York City Dep't of Soc. Servcs.*, 709 F.2d 782, 789 (2d Cir. 1983)); *Jackson v. Jimino*, 506 F. Supp. 2d 105, 108-09 (N.D.N.Y. 2007) (citations omitted). The rules for reconsideration are strictly construed to avoid repetitive arguments on issues that have been fully considered by the court. *O'Brien v. Board of Educ. of Deer Park Union Free Sch. Dist.*, 127 F. Supp. 2d 342, 345 (E.D.N.Y. 2001).

Petitioner has not demonstrated that any controlling decisions or material facts were overlooked that might have influenced the Court's prior Decision and Order. Nor has he shown that any clear error of law must be corrected, or manifest injustice prevented. Petitioner's May 17, 2017 reply papers opposing transfer and consolidation of the cases (Dkt. No. 31) were noted in the Decision and Order and considered by the Court. *See* Dkt. No. 32 at 2, 3 ("Having reviewed the petitions and other documents filed in *Roach I* and *Roache II*, consolidation is appropriate."). Petitioner's disagreement with the Court's decision is not a basis for reconsideration. *Finkelstein v. Mardkha*, 518 F. Supp. 2d 609, 611 (S.D.N.Y. 2007)

2

(citation omitted)).

**WHEREFORE**, it is

**ORDERED** that petitioner's motion for reconsideration, Dkt. No. 34, is **DENIED WITH PREJUDICE;** and it is further

**ORDERED** that the Clerk serve copies of this Decision and Order upon the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: June 9, 2017

_____
Thomas J. McAvoy
Senior, U.S. District Judge